IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| DEBORAH D. JOLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:14-CV-01484-JO |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of | ) | OPINION AND ORDER |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

JONES, J.,

Plaintiff Deborah D. Joli appeals the Commissioner's decision to deny her claim for disability insurance benefits under Title II of the Social Security Act ("the Act") and to deny her claim for supplemental security income under Title XVI of the Act. The Court has jurisdiction under 42 U.S.C. § 405(g). I AFFIRM the Commissioner's decision.

## PRIOR PROCEEDINGS

Joli filed concurrent applications alleging disability beginning September 15, 2008, due to panic attacks, anxiety, depression, migraines, high blood pressure, obesity, and arthritis. Admin. R. 281, 312.

The ALJ applied the sequential disability determination process described in the applicable regulations. He determined that Joli's ability to work was limited by obesity, hypertension, depression, anxiety, and substance abuse. Admin. R. 23. He found that, despite her impairments,

1- OPINION AND ORDER

Joli retained the residual functional capacity ("RFC") to perform a range of unskilled, sedentary work with limited climbing and postural activities such as stooping, crouching, crawling, and so forth. In addition, the ALJ found she had the capacity to perform the mental activities required in simple, unskilled work, but she could not tolerate more than incidental nonessential contact with the general public. Admin. R. 25.

The vocational expert ("VE") testified that a person with Joli's age, education, work experience, and RFC could perform the work activities required in sedentary occupations such as non-emergency dispatching, small-product assembly, and table sorting and that these occupations represent hundreds of thousands of jobs in the national economy. Admin. R. 31, 71-72. The ALJ concluded that Joli had failed to prove she was disabled within the meaning of the Act. Admin. R. 31.

### STANDARD OF REVIEW

The District Court must affirm the Commissioner's decision if it is based on proper legal standards and the findings of fact are supported by substantial evidence in the record as a whole. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Substantial evidence is such relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005); *See also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) ("Substantial evidences means more than a scintilla, but less than a preponderance") (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Under this standard, the Commissioner's factual findings must be upheld if supported by inferences reasonably drawn from the record even if evidence exists to support another rational interpretation. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

## DISCUSSION

### I.    Claims of Error

Joli claims the ALJ improperly rejected her subjective statements about the limiting effects of her impairments. She further contends the ALJ erroneously rejected the opinion of Dr. Palmer who performed a consultative psychological evaluation and issued a written report. As a result, Joli contends, the ALJ erred at step five of the sequential evaluation process by relying on testimony he elicited from the VE based on hypothetical assumptions that did not accurately reflect all of her limitations.

### II.    Credibility Assessment

Joli alleged that the combined effects of obesity, anxiety disorder, depression, high blood pressure and migraines prevented her from working a regular full-time work day or work week. In her application, she said she could not be in big crowds of people, talk to people on the telephone, or go into stores or public places by herself. Admin. R. 291, 293. Joli said she did not engage in social activities because she would have panic attacks in groups or in public places. She said talking to people, especially authority figures, caused her great anxiety. Admin. R. 295, 343. She said she could not tolerate sitting for long periods because she would become nervous if she could not move around. Joli said she had difficulty staying focused or paying attention for very long. Admin. R. 294-296. She could walk only a half a block before she had to stop and rest for a few minutes. Admin. R. 296, 342. She said she had difficulty with memory, but could remember instructions if they were written. Admin. R. 296-297. In addition, Joli said she had arthritis pain in both knees that made walking, sitting, standing, and bending very difficult. Admin. R. 345.

At her administrative hearing, Joli testified that she could stand for only 10 minutes at a time, and sit for only 15 minutes at a time. Admin. R. 51. She reiterated that she had difficulty maintaining focus on an activity. Admin. R. 58. She reported that she had periods of deep depression and anxiety during which she would do nothing other than sleep. Admin. R. 60-61. She said that she rarely left home and would not go out by herself. Admin. R. 62.

The ALJ believed that Joli's impairments could reasonably be expected to cause some degree of the symptoms she alleged, but did not believe her statements about their limiting effects to the extent she claimed limitations in excess of those in the RFC assessment and that she could not do any kind of work on a full-time basis. Admin. R. 26.

An adverse credibility determination must include specific findings supported by substantial evidence and the ALJ must provide a clear and convincing explanation. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Smolen*, 80 F.3d at 1281-82. The reviewing court may not second guess an ALJ's credibility determination if it is supported by substantial evidence. *Fair*, 885 F.2d at 604. The ALJ must consider all evidence in the case record when assessing a claimant's credibility, including objective medical evidence, medical opinions, treatment history, daily activities, work history, third-party observations of the claimant's functional limitations, and any other evidence that bears on the consistency and veracity of the claimant's statements. *Tommasetti*, 533 F.3d at 1039; *Smolen*, 80 F.3d at 1284; SSR 96-97p, 1996 WL 374186, at *5. Here, the ALJ considered the proper factors when determining Joli's credibility.

The ALJ cited objective findings suggesting Joli's impairments were not as severe as she claimed. Admin. R. 27-28. Conflicts between the claimant's subjective complaints and the objective medical evidence in the record can undermine the claimant's credibility and provide an adequate

basis for an ACJ's adverse credibility finding. *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d

595, 600 (9th Cir. 1999). Dr. Ransom performed a psychiatric evaluation on July 21, 2010 and found

Joli's appearance appropriate and her thought processes coherent and goal oriented. Admin R. 27.

Dr. Ransom found that Joli's memory was moderately impaired, but that her remote memory was

intact.    Dr. Ransom further found Joli could follow and understand simple directions and

instructions, perform simple tasks independently, and maintain a schedule. The ALJ assigned Dr.

Ransom's evaluation great weight because she obtained objective findings consistent with the record.

Dr. Sirotenko also performed a physical evaluation on July 31, 2010.  Dr. Sirotenko found Joli did

not appear distressed, her gait and station were normal, she could walk on her heels and toes, and

could squat 50%, but needed assistance rising. Dr. Sirotenko found her neurological testing

unremarkable without any motor or sensory deficit. The ALJ gave Dr. Sirotenko's assessment great

weight.   The conflict between Joli's subjective complaints and the objective medical evidence

supplied by Dr. Sirotenko and Dr. Ransom undermines her credibility.

The ALJ determined that despite Joli's assertions of disabling limitations, the record

indicated she could perform a broad range of daily activities, inconsistent with the nature and

severity of her complaints. Admin. R. 27.  Inconsistencies between the claimant's conduct and the

limitations she alleges may undermine the claimant's credibility. *Light v. Soc. Sec. Admin.,* 119 F.3d

789, 792 (9th Cir. 1997).  Joli reported daily activities such as reading, painting bird houses, doing

puzzles, watching movies, listening to music and using the computer "pretty much all day."Admin.

R. 27.  Joli's sister corroborated activities showing Joli had greater function than she alleged. Joli's

sister reported that Joli could feed and water her animals, prepare simple meals, and shop in stores

up to four times per week. Admin R. 27. The ALJ found that these activities contradicted Joli's reports of debilitating impairments.

Joli has a successful work history despite her alleged impairments, and stopped working because of company wide layoffs. When a claimant quits work for reasons unrelated to disability the ALJ may draw an adverse inference as to the contention that the claimant cannot work due to a disabling condition. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). The ALJ noted Joli had some of her impairments during the time she was able to work, which suggests they do not preclude work. Admin R. 26. One of her examiners, Dr. Palmer noted she had worked in the past despite these alleged limitations and had "related well" with employers. Admin R. 659. The ALJ found this work history undermined Joli's contention that she cannot work.

The ALJ noted that secondary gain issues may be present. Joli reported having problems with her finances, and that these problems intensified her other symptoms. Admin. R. 603. The ALJ noted that Joli appeared to exaggerate her symptoms in order to increase her chances of receiving benefits. Joli insisted this confused the symptom for the cause. Joli argued she had trouble dealing with her financial issues due to her depression. Even if the evidence can be interpreted in the way Joli urges, the ALJ's interpretation is rational and must be upheld. *Andrews v. Shalala*, 53 F.3d at 1040.

## III.    Medical Opinions

Joli contends the ALJ failed to properly evaluate the opinion of Michael Palmer, Ed.D., a consulting psychologist. In February 2011, Dr. Palmer interviewed Joli and prepared a medical report about her mental health status. Admin. R. 651-659. He did not provide treatment. His findings on mental status evaluation were generally unremarkable. For example, Joli presented with

6- OPINION AND ORDER

good hygiene and grooming. She appeared mildly anxious initially, but relaxed during the course of the interview. Her thought processes were logical, goal oriented, and relevant, without signs of delusions, flight of ideas, or rapid, slowed, or hesitant thinking. Intelligence testing showed she functioned in the low average range. Her concentration and memory functions were generally fair. Joli reported examples of marginal impulse control and difficulty in social functioning. Dr. Palmer said Joli could relate adequately with employers, family, and well-known associates, but avoided the general public. Admin. R. 654-657.

Dr. Palmer opined that Joli would have marked difficulty carrying out detailed instructions and making judgments on simple work-related decisions. Admin. R. 649. Dr. Palmer believed that Joli would have extreme difficulty interacting appropriately with the public and responding appropriately to work pressures in a usual work setting. Admin. R. 649. Dr. Palmer assessed Joli with a Global Assessment of Functioning score of 46, and the narrative report suggests this primarily reflected serious impairment in social functioning. Admin. R. 659.

Although the ALJ agreed with Dr. Palmer that Joli required simple instructions and minimal public conduct as reflected in his RFC assessment, he gave Dr. Palmer's assessment little weight. Admin. R. 25, 29. An ALJ can reject an examining physician's opinion by making findings based on substantial evidence in the record that support clear and convincing reasons for doing so. *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Here, the ALJ found Dr. Palmer's opinion was not supported by his own clinical observations, which were generally unremarkable. An ALJ need not accept a physician's opinion that is brief, conclusory, and inadequately supported by clinical findings. *Bayliss*, 278 F.3d at 957;

*Meanal v. Apfel*, 172 F.3d 1111, 1117 (9th Cir. 1999). In addition, the ALJ reasonably inferred that Dr. Palmer relied primarily on Joli's subjective complaints in formulating his opinion of her functional capacity. Admin. R. 29. That conclusion is supported by the absence of clinical findings supporting the opinion and by the numerous references in the narrative report to Joli's subjective statements. An ALJ may discount a physician's opinion that is premised primarily on subjective complaints that the ALJ properly found unreliable. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

The ALJ's reasoning in determining the weight to give Dr. Palmer's opinion is clear and convincing and based on rational inferences drawn from substantial evidence in the record. The ALJ's evaluation of Dr. Palmer's opinion must be upheld, even if the record could reasonably be interpreted differently. *Batson,* 359 F.3d at 1193.

## III.    Step Five

Joli contends the ALJ failed to fulfill his burden at step five to establish that, during the relevant time, jobs Joli could perform existed in significant numbers in the national economy. An ALJ can satisfy this burden by eliciting the testimony of a vocational expert with a hypothetical question that sets forth all the claimant's limitations. *Andrews*, 53 F.3d at 1043.

Joli contends the ALJ elicited testimony from the VE with hypothetical assumptions that did not reflect the opinion of Craig Nielsen, M.D. Dr. Nielsen performed a physical examination in February 2011. He observed that Joli was able to move around the examination room well and to get in and out of her chair without difficulty. Her gait and station were normal. She could sit, stand, walk, bend, lift, and grasp normally. She could heel and toe walk well. Joli squatted only halfway for subjective reasons. Dr. Nielsen's examination of Joli's knees was unremarkable and her ankles

appeared to be mildly swollen. Admin. R. 644. Dr. Nielsen completed a RFC worksheet, indicating that Joli could lift and carry 25 pounds occasionally, stand or walk for a total to two hours in a workday, and sit without limitation. Admin. R. 647.

The ALJ gave Dr. Nielsen's evaluation great weight and the limitations on Dr. Nielsen's RFC worksheet are consistent with the ALJ's RFC assessment. Admin. R. 25, 28, 647. The ALJ elicited vocational expert testimony with hypothetical assumptions that reflected the RFC assessment. Admin. R. 69-71. I find that, in eliciting testimony from the VE, the ALJ used hypothetical assumptions that reasonably reflected Dr. Nielsen's findings and opinion without omitting any of Joli's functional limitations.

Similarly, Joli contends the ALJ's hypothetical assumptions did not reflect the opinion of Bruce Eather, Ph.D., a state agency consultant. Dr. Eather reviewed the medical record as of May 2011. Admin. R. 128-129. Joli contends the ALJ's RFC and hypothetical vocational limitations did not reflect Dr. Eather's opinion that Joli should avoid public contact and high stress environments. Pl.'s Br. 16. Although the ALJ did not quote Dr. Nielsen, he included limitations that reasonably reflected his opinion, and I find no error. *See Turner v. Comm'r, Soc. Sec. Admin.*, 613 F.3d 1217 (9th Cir. 2010) (ALJ not required to use exact language of a credited opinion).

The ALJ's RFC assessment reasonably reflects the limitations in the opinions of Drs. Nielsen and Eather. Even if their opinions could be interpreted to establish additional limitations, as Joli urges, the ALJ's interpretation of this evidence is rational and cannot be disturbed. *Andrews v. Shalala*, 53 F.3d at 1040. An ALJ is not required to incorporate limitations he found unsupported by the evidence in the record. *Bayliss v. Barnhart*, 427 F.3d at 1217; *Batson,* 359 F.3d at 1197-98;

*Osenbrock v. Apfel,* 240 F.3d 1157, 1164-65 (9th Cir. 2001).  Accordingly, Joli's challenge to the vocational expert's testimony cannot be sustained.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED.

DATED this ____ day of August, 2015.

_____
Robert E. Jones, Senior Judge
United States District Court

10- OPINION AND ORDER